UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TIMOTHY ROBERTSON, )<br>  )<br> Petitioner, )<br>vs. )<br> )<br>RICHARD BROWN, Superintendent, )<br> )<br> Respondent. ) | No. 2:14-cv-00227-WTL-WGH |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the petition of Timothy Robertson for a writ of habeas corpus must be denied and that a certificate of appealability should not be issued.

**I. The Petition for Writ of Habeas Corpus**

1. Robertson is an Indiana prisoner who was convicted in a state court of robbery and battery. He was also found to be a habitual offender and in consequence of these circumstances he is serving an aggregate sentence of 50 years.

2. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a)(1996). The scope of the Great Writ is limited because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").

3. Robertson's habeas petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA

> amended 28 U.S.C. § 2254(d) to narrow the power of federal courts to grant habeas corpus relief to state prisoners. Under that Act, the critical question on the merits of most habeas corpus petitions shifted from whether the petitioner was in custody in violation of the Constitution, laws, or treaties of the United States to a much narrower question: whether the decision of the state court keeping the petitioner in custody was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

*Avila v. Richardson*, 751 F.3d 534, 535 (7th Cir. 2014).

> A decision is contrary to clearly established federal law if the state court applies a rule that conflicts with a rule identified by the Supreme Court, or if the state court reaches a different conclusion than the Supreme Court in a case with materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). A decision involves an unreasonable application of clearly established law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. 1495. Under both tests, mere error is not sufficient; a state court's decision must be "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003).

*Simonson v. Hepp*, 549 F.3d 1101, 1105-06 (7th Cir. 2008). "Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). As one court has explained, "[i]t is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone,* 967 F.Supp. 152, 156 (E.D.Va. 1997).

4. In addition to the substantive principles just noted, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). When procedural

default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. *See Harris v. Reed,* 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law . . . . In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted).

5. Robertson's convictions were affirmed on appeal in *Robertson v. State,* 945 N.E.2d 830 (Ind.Ct.App. March 31, 2011). Robertson's amended petition for post-conviction relief was denied by the trial court and this ruling was affirmed in *Robertson v. State*, 10 N.E.3d 1046 (Ind.Ct.App. April 23, 2014)(Table).

6. Absent clear and convincing evidence to the contrary, the court presumes the state court's factual determinations to be correct. 28 U.S .C. § 2254(e)(1); *Miller–El v. Cockrell,* 537 U.S. 322, 340 (2003). It is noted in *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir. 2015), that "[i]n § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer to the findings of the [state] court, which have not been challenged and are presumed to be correct unless rebutted by clear and convincing evidence." (Citing 28 U.S.C. § 2254(e)(1) and *Harris v.*

*Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)). The findings pertaining to Robertson's offenses have not been rebutted and are presumed to be correct.

7. "At approximately 7:05 p.m. on February 28, 2008, Robertson entered Michael's Dairy Barn in Marion, brandished a screwdriver, and took money from the clerk." *Robertson v. State*, 945 N.E.2d 830, *1. A surveillance video of the robbery existed. "Over Robertson's objection, the trial court allowed Detective Stefanatos to testify that, in his opinion, Robertson was the robber in the surveillance video. The trial court also allowed Grant County Probation Officer Thomas Lawson to testify that, in his opinion, Robertson was the robber in the surveillance video." *Id.*

8. Robertson's first claim is that the trial court erred in permitting the introduction of testimony from the two witnesses identifying Robertson as the robber based on their examination of a surveillance video. This claim is one of state law and hence is not cognizable under Section 2254. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Even if the court could discern some due process aspect to this claim, it was not presented in that fashion to the Indiana state courts and thus has not been properly preserved for federal habeas review. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam)(a claim is fairly presented to the state's highest court if the petitioner describes to that court the operative facts and legal theory upon which the claim is based). This makes the claim procedurally defaulted, *Byers v. Basinger,* 610 F.3d 980, 985 (7th Cir. 2010), and Robertson has not demonstrated the existence of circumstances permitting him to overcome the consequences of his procedural default. Furthermore, Robertson contends that the ruling of the Indiana Court of Appeals was contrary to clearly established federal law as

determined by the Supreme Court of the United States, but fails completely to identify any such authority. His failure to do so, in combination with the other circumstances which have been noted, is fatal to this first claim.

9. The second claim emanates from the determination that Robertson is a habitual offender. His trial counsel did not object on double jeopardy grounds to the use of Robertson's criminal history as both an aggravator and as support for the habitual offender determination. Robertson claimed in his appeal from the denial of post-conviction relief that his attorney in his direct appeal was ineffective for not arguing trial counsel's ineffectiveness in not making the objection just described. The Indiana Court of Appeals found that this claim was waived because it was not included in Robertson's amended petition for post-conviction relief. *Robertson v. State*, 10 N.E.3d 1046, *5. The Indiana Court of Appeals then rejected the claim on the merits in the alternative, explaining that under *Pedraza v. State*, 887 N.E.2d 77, 80 (Ind. 2008), the use of Robertson's criminal history in this fashion was not improper. There was, therefore, no basis for the objection Robertson now describes and such objection, if made, would have been overruled. The finding of waiver as to this claim is an independent and adequate state ground and is treated as a procedural default even though a decision on the merits of the claim was made in the alternative. Robertson has not shown cause for and prejudice from this procedural default. He has likewise not shown that the failure to reach the merits of the claim in this case would result in a fundamental miscarriage of justice. Apart from the question of procedural default, the alternative decision of the Indiana Court of Appeals on this point was not contrary to, nor was it an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. "[C]ounsel cannot be faulted for failing to register a futile objection." *Benefiel v. Davis,* 357 F.3d 655, 664 (7th Cir. 2004).

10. Robertson's third claim is that his trial counsel, Elliott, rendered constitutionally ineffective assistance by not requesting a *Franks* hearing, referring to *Franks v. Delaware,* 438 U.S. 154 (1978). His contention at the post-conviction relief hearing was that Lieutenant Faw intentionally omitted details from his testimony at the probable cause hearing. However, to be entitled to a *Franks* hearing, the defendant must make a substantial preliminary showing that (1) the affidavit (or testimony) contains a false statement that was intentionally and knowingly made or was made with reckless disregard for the truth and (2) the statement was necessary to find probable cause. *Franks,* 438 U.S. at 171–72. The Indiana Court of Appeals considered this claim and rejected it, explaining: "All the evidence at the post-conviction relief hearing establishes that Elliott did not have cause to request a *Franks* hearing . . . . Robertson failed to make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by Lieutenant Faw as the rule in *Franks* requires. Thus, Elliott had no cause to request a *Franks* hearing, and Robertson has failed to show that Elliot was ineffective on this basis." *Robertson v. State*, 10 N.E.3d 1046, *4. This conclusion was not contrary to clearly established federal law. "A state court unreasonably applies federal law if it identifies the correct legal principle but unreasonably applies it to the facts of the case, or if it unreasonably refuses to extend a principle to a context in which it should apply." *Goudy v. Basinger,* 604 F.3d 394, 399 (7th Cir. 2010)(citing *Williams,* 529 U.S. at 407). The decision of the Indiana Court of Appeals on this claim of ineffective assistance of counsel was also not an unreasonable application of clearly established federal law. Accordingly, this decision is entitled to AEDPA deference under ⸹ 2254(d)(1), *id.,* and thus is impervious to Robertson's federal habeas corpus challenge.

11. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715,

1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Robertson faces here as to certain of his claims, and he has failed to overcome that barrier. As to the claims which were properly preserved in the Indiana state courts, they do not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In every instance where the Indiana state courts issued a decision on the merits of claims which have resurfaced in this action, the Indiana Court of Appeals "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because its decision were reasonable, "[they] cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011) (per curiam). Robertson's habeas petition must therefore be denied.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Robertson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 8/18/15

Distribution:

Electronically Registered Counsel

TIMOTHY ROBERTSON
943020
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only